UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Docket No. 13-4541

UNITED STATES OF AMERICA
Appellee

v.

JAMES BERNARD GODWIN, JR.
Defendant - Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

BRIEF FOR APPELLANT

James S. Hewes
Attorney for Appellant
269 Ocean Street
South Portland, Me. 04106
(207) 773-4000

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . 3

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . 4

STATEMENT OF ISSUES PRESENTED FOR REVIEW. . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . 9

ARGUMENT #1. . . . . . . . . . . . . . . . . . . . . . .10

The sentence was procedurally and
substantively unreasonable


CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . 16

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . .16

# TABLE OF AUTHORITIES

**Cases**

*Deyton v. Keller*, 682 F.3d 340 (4th Cir. 2012) . . . 14

*Gall v. United States,* 552 U.S. 38,
128 S.Ct. 586, 169 L.Ed.2d 445 (2007). . . . . .10,11,12,14

*Rita v. United States,* 551 U.S. 338 127
S.Ct. 2456, 168 L.Ed.2d 203 (2007) . . . . . . . .14,15

*United States v. Bell*, 667 F.3d 431 (4th Cir. 2011).15

*United States v. Carter*, 564 F.3d 325
(4th Cir. 2009) . . . . . . . . . . . . . . . . 10,11,14

*United States v. Susi,* 674 F.3d 278 (4th Cir.2012). 11


**Federal Statutes**
Title 18 U.S.C. §924(c). . . . . . . . . . . . . . . 4

Title 18 U.S.C. §3231 . . . . . . . . . . . . . . . .4

Title 18 USC §3553(a) . . . . . . . . . . . . . . .11,12,13

Title 18 U.S.C. 3742(a). . . . . . . . . . . . . . . 4

Title 21 U.S.C. §841(a)&(b) . . . . . . . . . . . .4

**United States Sentencing Guidelines**

**Rules**
Rule 4(b), Federal Rules of Appellate Procedure. . . 4

## JURISDICTIONAL STATEMENT

Subject matter jurisdiction existed in the District Court pursuant to 18 U.S.C. §3231 because Defendant-Appellant, James Bernard Godwin, Jr. ("Godwin") was charged with violating Title 21 U.S.C. §841(a)&(b) and Title 18 U.S.C. §924(c)(1)(A). Joint Appendix ("J.A.") 12-13. Judgment was entered on March 20, 2013. J.A. 5. Godwin filed a notice of appeal on July 10, 2013 . J.A. 3. This Court has jurisdiction pursuant to F.R.A.P. Rule 4(b) and Title 18 U.S.C. 3742(a).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.  Whether the Court's sentence was procedurally and substantively unreasonable.

**STATEMENT OF THE CASE**

**A. Procedural History**

This is an appeal of a sentence imposed in the United States District Court for the Eastern District of North Carolina on March 20, 2013 (Boyle, J.). J.A. 5. On August 29, 2012, Godwin was charged in a five count Indictment. J.A. 12-15; Sealed Joint Appendix ("S.J.A.") 5. Count One alleges Godwin distributed a quantity of cocaine base on February 24, 2012. J.A. 12. Count Two alleges Godwin distributed a quantity of cocaine base on February 27, 2012. *Id.* Count Three alleges Godwin distributed a quantity of cocaine base on February 28, 2012. *Id.* Count Four alleges Godwin possessed a firearm in furtherance of the February 28, 2012 drug trafficking allegation. J.A. 13. Count Five alleges Godwin distributed 28 grams or more of cocaine base on March 27, 2012. *Id.*

On December 13, 2012, without a Plea Agreement, Godwin pled guilty to all five counts in the Indictment. J.A. 22. On March 13, 2013, a Presentence Investigation Report ("PSR") was prepared which contained four objections by Godwin and none by the government. S.J.A. 14-16. On March 20, 2013, Godwin was sentenced to 138 months: 78 months concurrent on counts One, Two, Three and five; with 60 months on Count Four consecutive to Count One. J.A. 7.

5

**B. Godwin's Background**

Godwin is 33 years old and is a lifelong resident of Johnston County, North Carolina. S.J.A. 11. He is the father of twin boys, ages 8, who live their mother in North Carolina. *Id.* Prior to his incarceration he shared joint custody of his children and had them on holidays and summer vacations. *Id.* He speaks to them telephonically on a weekly basis. *Id*.

Godwin's parents were separated when he was 14 and divorced in 2001. S.J.A. 8. His father works construction and his mother is a guidance counselor. *Id*. He witnessed domestic violence between his parents which often led to destruction of property. S.J.A. 11. Godwin maintains contact with both his parents, who now have cordial relationship. *Id*. He is engaged to Judy Deravile, who at the time of the sentencing, was pregnant with Godwin's child. *Id*.

Godwin is a High School graduate and attended a year of community college. S.J.A. 9. He has specialized skills in machine operation, forklift operation, computer design and concrete finishing. *Id*. He is interested in pursuing his education and vocational training while incarcerated. *Id*. During his life he has worked at various jobs, but mostly at his uncle's construction company, Godwin Construction. *Id*.

6

Godwin suffers with minor spinal problems, due to car accidents, and has received chiropractic treatment. S.J.A. 11. He occasionally drinks alcohol, but not to intoxication. *Id*. Godwin began using cocaine in 2007 at the age of 28. *Id*. Godwin's drug of choice is marijuana, which he started using at age 19 in 1998. *Id*. Prior to incarceration, he consumed daily between four and five blunts, but wants treatment for it. *Id*.

**C. Instant Offense**

The allegations were investigated by the Johnston County Sheriff's Department and ATF, and involve a series of controlled buys from an informant. S.J.A. 5; J.A. 25. On February 24, 2012, Godwin sold an informant slightly less than 28 grams of crack cocaine; it was captured on audio and video recordings. J.A. 25. On February 27, 2012, Godwin sold an informant 27.2 grams of crack cocaine; this was captured on audio and video. *Id*. On February 28, 2012, Godwin sold an informant 27.1 grams of crack cocaine as well as a Raven .25 caliber pistol. J.A. 25-26. On March 27, 2012, Godwin sold an informant approximately 56 grams of cocaine base; this was captured on audio and video. J.A. 26.

**D. Sentencing Hearing**

According to the PSI, Godwin's total offense level on the drug counts was 27 and his criminal history category (CHC) is III. S.J.A. 12. This yielded a guideline range of 87 months to 108 months *Id*. At the sentencing hearing, the government conceded that two criminal history points should not be added for Godwin being on probation at the time of the instant offense. J.A. 34. This modification made Godwin a CHC II which reduced his guideline range to 78 to 97 months – in addition to the 60 months for the firearm count. *Id*. In light of the government's concession, Godwin withdrew his objections to the criminal history. *Id*.

Defense counsel pointed out to the Court that Godwin does not have any felonies; he worked construction; he is a High School graduate; he has a marijuana problem that he wants treatment for; he has two children; he is articulate and intelligent; and has family supports from his mother and sister. J.A. 35. Defense counsel sought a sentence at the bottom of the guideline range. *Id*.

The government recommended a sentence at the bottom of the range, concurrent on counts One, Two, Three and Five, followed by a consecutive 60 month sentence on count Four, totaling 138 months. J.A. 36. The Court sentenced Godwin to 78 months concurrent on counts One, Two, Three and Five, with

8

a consecutive 60 month sentence on Count Four, followed by five years of supervised release. J.A. 37. The Court recommended Godwin for substance abuse treatment and counseling and recommended him for Butner. *Id*. Although the Court stated Godwin can appeal to the Court of Appeals, it failed to state there was any time limitation on his right of appeal. J.A. 37.

## SUMMARY OF THE ARGUMENT

Godwin's sentence was procedurally and substantively unreasonable for several reasons. A) The trial court failed to consider the factors of Title 18 USC §3553(a); in fact the court did not mention §3553(a) in the entire sentencing hearing. Moreover, the court failed to make an individualized assessment based on the facts presented. B) The court failed to adequately explain the sentence; it pronounced the sentence without any elaboration of the reasons it gave for the sentence. C) The court failed to provide an adequate basis for the appeals court to review the reasonableness of the sentence imposed and to promote the perception of a fair sentence.

**ARGUMENT**

**I. The Sentence was Procedurally and Substantively Unreasonable.**

**Standard of Review**

This court has stated that in reviewing a sentence, "whether inside, just outside, or significantly outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)(citing *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We must first ensure that the district court committed no significant procedural error. *Carter* at 328; *Gall* at 597. If, and only if, we find the sentence procedurally reasonable can we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Carter* at 328; *Gall* at 597 (citations omitted).

Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -including an explanation for any deviation from the Guidelines range." *Carter* at 328; *Gall* at 597.

**A. The Court failed to consider the §3553(a) factors and failed to make an individualized assessment based on the facts presented.**

The Court must consider the factors contained in 18 USC §3553(a) and apply them to the facts of Godwin's case. *United States v. Susi,* 674 F.3d 278, 282 (4th Cir.2012) (citing *Gall v. United States,* 552 U.S. 38, 49, 128 S.Ct 586, 169 L.Ed.2d 445 (2007). The Court may not presume that the Guidelines range is reasonable. *Gall,* 128 S.Ct 586, 597. When rendering a sentence, the district court must make an individualized assessment based on the facts presented. *Carter* at 328; *Gall* at 597. That is, the sentencing court must apply the relevant §3553(a) factors to the specific circumstances of the case before it. Such individualized treatment is necessary "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Carter* at 328; *Gall* at 598.

In determining Godwin's sentence, the District Court failed to make an individualized assessment based on the particular facts of the case before it. The Court simply imposed sentence after both parties made their arguments.

In the entire 11 page Sentencing Transcript the Court failed to even mention §3553(a) or any of its factors. See

11

J.A. 27-37. The Court's sentence of Godwin is stated in its entirety as follows:

> The Court: All right. This will be the judgment, the Defendant is hereby confined to the custody of the United States Bureau of Prisons or its authorized representative on counts One, Two, Three and Five concurrently 78 months and 60 months consecutive on count Four.
>
> He's given terms of supervised release of five years on counts One, Two and Three; four years -- five years on count five and five years on count Four. These are all concurrent.
>
> A Special Assessment of $500.00.
>
> He's not to violate any federal, state or local law. Give him credit for the time served. Recommend him for substance abuse treatment and counseling and recommend him for Butner.

J.A. 36-37

The Courts' boilerplate pronouncement of sentence is devoid of any application of §3553(a) factors to Godwin. The Court's silence on §3553(a) factors is deafening and is inconsistent with *Gall* and Fourth Circuit sentencing jurisprudence, as referenced above. Under §3553(a)(1) the Court must take into consideration the nature and circumstances of the offense, and the history and characteristics of the defendant.

The overriding principle of 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing

12

set forth in Section 3553(a)(2). The first sentence of 18 USC §3553(a) states:

> The Court shall impose a sentence **sufficient but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection. (Emphasis added)

The "sufficient but not greater than necessary" requirement is often referred to as the "parsimony provision". The parsimony provision is not just another factor set forth in §3553(a), but sets an independent limit on the sentence a Court imposes. The Court failed to explain why Godwin's 138 month sentence was sufficient, but not greater than necessary.

The Court could have departed or varied downwards for a number reasons: Godwin had no prior felony convictions; the gun was merely sold and not brandished or used in a threatening manner; the impact of Godwin's incarceration on his twins boys who won't be able to have meaningful contact with their father for over a decade; the letters from his cousin and sister show Godwin has family supports which bode well for his rehabilitation prospects. (J.A. 38-40).

The Court's failure to consider the 3553(a) factors, including application of the parsimony provision, and complete absence of an individualized assessment based on

13

the particular facts of the case, require the sentence to be vacated and Godwin be resentenced.

### B. The Court Failed to Adequately Explain the Sentence

The trial Court must adequately explain the sentence because it is an especially important part of the criminal process and creates public trust.

> The Supreme Court has recognized that "the judge's statement to the defendant, made at the time of sentencing, is an especially important part of the criminal process." *Rita v. United States,* 551 U.S. 338, 367, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (Stevens, J., concurring). Because sentencing unaccompanied by explanation is an arbitrary exercise, *see United States v. Carter,* 564 F.3d 325, 328 (4th Cir.2009), "[a] public statement of th[e] reasons [for the sentence imposed] helps provide the public with the assurance" that creates public trust. *Rita,* 551 U.S. at 356, 127 S.Ct. 2456 (maj. op.).

De*yton v. Keller*, 682 F.3d 340, 344 (4th Cir. 2012)

As the transcripts reflect (J.A. 36-37), the Court failed to explain the sentence. Godwin's sentence "unaccompanied by explanation is an arbitrary exercise". A public statement provides Godwin and the public with the assurance that creates a public trust. *Rita* at 356. Accordingly, on these grounds alone the sentence should be vacated and Godwin should be resentenced.

14

**C. The Court failed to provide an adequate basis for the appellate review and to promote the perception of a fair sentence.**

The Court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Gall*, 552 U.S. at 50. The district court must state in open court the particular reasons supporting its chosen sentence. 18 U.S.C. §3553(c). In doing so, the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority. *Carter* at 328; *Rita* at 1127 S.Ct. 2456, 2468.

> The explanation must be sufficient to allow for "meaningful appellate review," *id.* (quoting *Gall,* 552 U.S. at 50, 128 S.Ct. 586), such that the appellate court need "not guess at the district court's rationale." *Id.* at 329.

*United States v. Bell*, 667 F.3d 431, 442 (4th Cir. 2011)

This not only allows for meaningful appellate review but also promotes the perception of fair sentencing. *Carter at 328*; *Gall* at 597. Lack of an adequate explanation can foster a perception the sentence was not fair.

As referenced above, the sentencing transcripts (J.A. 36-37) confirm that the District Court failed to adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. The Court

15

made no explanation, accordingly Godwin's sentence should be vacated and he should be resentenced.

## CONCLUSION

The Court abused its discretion by rendering a procedurally and substantively unreasonable sentence. For all the aforesaid reasons, this Court should vacate the sentence and remand to the District Court for a new sentencing.

Dated: January 21, 2014

```
                            _____
                        /s/ James S. Hewes
                            Attorney for Defendant
                            Jhewes@Maine.rr.com
```

### Certificate of Compliance

I certify that pursuant Fed.R.App.P.32(a)(7) the aforementioned brief does not exceed 30 pages or 14,000 words. It contains 16 pages and 2,958 words.

```
                            _____
                        /s/ James S. Hewes
                            Attorney for Defendant
                            Jhewes@Maine.rr.com
```

### Proof of Service

I hereby certify that on 1/21/14, I electronically filed the within Appellant's Brief and Appendix with the Clerk of Court using the CM/ECF system which will send notification of such filing to Jennifer May-Parker, Esquire.

```
                            _____
                        /s/ James S. Hewes
                            Attorney for Defendant
                            Jhewes@Maine.rr.com
```

16

17